**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MALCOLM CLARK,                    :     Civil Action No. 06-2778(NLH)
   Plaintiff,        :
        :
  v.                      :     **OPINION**
        :
RICHARD E. HICKEY,                :
GERALD J. EAK, and                :
STATE OF NEW JERSEY,              :
   Defendants.       :

**APPEARANCES:**

Rahim R. Caldwell
1299 East Cornell St.
Vineland, NJ 08360
  *Pro se*

Christina M. Glogoff, Esquire
Office of the NJ Attorney General
25 Market Street
PO Box 112
Trenton, NJ 08625-0112
  *Attorney for Defendants*

**HILLMAN**, District Judge

   This matter has come before the Court on Defendants' motion to dismiss Plaintiff's Complaint pursuant to Federal Civil Procedure Rule 12(b)(6).  Plaintiff has not opposed Defendants' motion.

   Plaintiff, Rahim Caldwell, *pro se*, claims that his constitutional rights were violated when his worker's compensation case was transferred to Defendant Richard E. Hickey, a judge in the Worker's Compensation Division, from Defendant Gerald J. Eak, also a judge in the Worker's Compensation Division.  Plaintiff claims that his case was transferred because he was of "African descent."  Plaintiff also claims that the

Defendant judges conspired "in their administrative roles to switch the case . . . in violation of the NJ Court rules and the Workers compensation administrative codes."  Plaintiff does not state which of his constitutional rights were violated, and he has not set forth any facts or further explanation of his claims.

Even though a *pro se* Complaint must be construed liberally,[1] Plaintiff's Complaint must be dismissed for numerous reasons. Two of the primary reasons requiring dismissal of his claims are based on the principles of sovereign immunity and judicial immunity.  First, it is well-established that the Defendant State of New Jersey and the Defendant judges, as state officers acting in their official capacities, cannot be sued under the principles of sovereign immunity.  Quern v. Jordan, 440 U.S. 332, 342 (1979) (reaffirming "that a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment").  Second, another long-held doctrine prohibits Plaintiff's claims against Defendants Eak and Hickey because they are entitled to absolute quasi-judicial immunity.  Mireless v. Waco, 502 U.S. 9, 9-10 (1991)(explaining that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages," and that "judicial immunity is not overcome by allegations of bad faith or malice"); Briscoe v. LaHue, 460 U.S.

---

[1]"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 107 (1976).

325, 334 (1983) ("We have held that state judges are absolutely immune from liability for their judicial acts."); Hamilton v. Leavy, 322 F.3d 776, 785 (3d Cir. 2003) (citing Butz v. Economou, 438 U.S. 478, 513 (1978))("Quasi-judicial absolute immunity attaches when a public official's role is 'functionally comparable' to that of a judge.")).

In addition to Defendants' immunity on Plaintiff's claims, to the extent that the State of New Jersey may have waived its immunity as to certain state law claims, those claims are also barred because Plaintiff failed to comply with the New Jersey Tort Claims Act ("NJTCA").  See N.J. Stat. Ann. 59:8-3 ("No action shall be brought against the public entity under this Act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter."). Plaintiff has not opposed Defendants' contention that he failed to provide notice of his claims in accordance with the NJTCA.

Consequently, because Defendants are immune from suit, and there is no allegation that Defendants have waived their immunity or that Plaintiff has complied with the NJTCA, Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted.  An appropriate order will be entered.

Dated: March 16, 2007                    Noel L. Hillman

At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.

3